IN THE UNITED STATES DISTRICT  COURT FOR
THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DNL ZITO<br>1250 Connecticut Avenue, NW<br>Suite 200<br>Washington, DC 20036 | ) ) ) ) ) ) | |
| Plaintiff, | ) ) ) | **Civil Action No.** |
| v. | ) ) | |
| VERIO International<br>8005 South Chester Street<br>Suite 200<br>Centennial, CO 80112 | ) ) ) ) ) | |
| Defendant. | ) ) ) ) | |

**COMPLAINT FOR TORTIOUS INTERFERENCE
WITH ONGOING BUSINESS AND FOR
BREACH OF CONTRACT**

1.     This is an action for Tortious Interference with an Ongoing Business and for

Breach of Contract by Plaintiff, DNL ZITO, a law firm located in Washington DC against

VERIO, Inc. a Colorado corporation.

**JURISDICTION AND VENUE**

2.     This Court has subject matter jurisdiction over DNL`s claims pursuant to 28

U.S.C. § 1332, due to the parties diversity of citizenship, and an amount in controversy

exceeding $75,000.00.

3.     Jurisdiction and Venue are proper in this District as to Defendant, under 28

U.S.C. §§ 1391. This Court has personal jurisdiction over Defendant by virtue of, at a minimum,

Defendant's continuous and ongoing presence and conduct in this judicial District, including

sales of services and entering into contracts within this district.

## THE PARTIES

4.      DNL ZITO is a law firm with a place of business at 1250 Connecticut Avenue, NW, Suite 200, Washington, D.C. 20036.  DNL is in the business of providing legal services to clients throughout the United States and internationally.  DNL relies upon timely communications to perform its representation of clients.  Critical to such timely communication is the use of e-mail.

5.      Defendant VERIO, Inc. upon information and belief, is a Colorado corporation with its principle place of business at 8005 South Chester St. Suite 200, Centennial, CO 80112.

6.       Defendant offers and provides web site hosting services, including e-mail hosting services.  Plaintiff contracted with and has paid Defendant for web hosting and e-mail services since 2012 and has relied upon such services as a critical component of its ability to provide legal services.

## GENERAL ALLEGATIONS

7.      At 2:30 PM on August 15, 2016, Plaintiff stopped receiving e-mails through the e-mail service provided by VERIO.  Plaintiff contacted VERIO and was informed that this was a "known issue," that the issue had affected a large number of VERIO e-mail accounts and that VERIO was working to restore service.

8.      Plaintiff contacted VERIO again on August 15th, 17th and 18th and was provided the same information and informed that over 2,800 e-mail accounts had been disabled by the "known issue."  No service was restored.

9.      At some time on Thursday August 18, 2016, VERIO deleted all of Plaintiff's e-mail, including all of Plaintiff's received e-mail, all of Plaintiff's sent e-mail, all of Plaintiff's

stored e-mail, all of Plaintiff sorted e-mail and all of Plaintiff's e-mail records.  Defendant

VERIO did not contact Plaintiff prior to such intentional deletion, did not obtain permission to

delete e-mail.

10.     VERIO's actions were intentional, wilfull, negligent and extremely careless.

11.     VERIO knew or should have known that deletion of the e-mails records of an

ongoing business would have devastating negative consequences, potentially effecting the very

survivability of the business.

12.     VERIO acting with willful and wanton disregard as to the consequences and

potential consequences of its actions.

13.     VERIO acted with malice and intent in its actions in the deletion of the e-mail

records of DNL ZITO.

14.     Plaintiff has contacted VERIO on numerous occasions beginning on August 18

and continuing at least through August 22, 2016 to attempt to recover any of its e-mails.  VERIO

has been either unable or unwilling to recover and/or even attept to recover the intentionally

deleted e-mails.

15.     To date, DNL ZITO has never received e-mails sent by third parties to its

jzito@dnlzito.com account between 2:30PM August 15 and 2:30PM August 18 and has not

recovered its lost e-mails dating prior to August 18, 2016.

16.     Plaintiff relies upon e-mail for critical communications and relies upon critical

communications to provide legal services to its clients and to retain existing clients and to obtain

new clients.

17.     Plaintiff relies upon e-mail for critical communications with judicial entities,

including the Federal Judiciary which communicates exclusively through e-mail and with the

-3-

ECF/CM system used throughout the Federal Judiciary which requires law firms to maintain reliable e-mail communication to timely receive notifications.

18.     Plaintiff typically receives hundreds of critical business e-mails a day.  Plaintiff has no means of determining what e-mails were sent between August 15 and August 18, a three day period.  The senders of e-mails did not receive any notification of VERIO's failure to provide the e-mails to Plaintiff and thus assume receipt and thus have concluded that Plaintiff is simply non-responsive.

19.     Plaintiff also has no records of e-mails sent, received and stored prior to August 15, 2016.  e-mail records are critical to Plaintiff's business

20.     Upon information and belief, Plaintiff understands that as many as 3,000 additional customers of VERIO are similarly situated and Plaintiff intends to seek class action certification.

## COUNT I
## TORTIOUS INTERFERENCE WITH
## CONTRACTUAL AND BUSINESS RELATIONSHIP

21.     DNL realleges the paragraphs above as fully and completely as if set forth herein verbatim.

22.     Count I is based on tortious interference of contractual and business relationship in violation of the laws of the District of Columbia.

23.     VERIO acted intentionally, willfully, negligently and carelessly in its actions which tortiously interfered with the business of Plaintiff.

24.     Plaintiff's has suffered monetary and irreparable harm, including direct expenses, loss of time and resources, damage to business reputation and loss of current and prosepctive business, as a result of the lack of e-mail from August 15, 2016 through August 18, 2016 and as

a result of the deletion of e-mail prior to August 15, 2016.

## COUNT II
## BREACH OF CONTRACT

25.     DNL realleges the paragraphs above as fully and completely as if set forth herein verbatim.

26.     DNL and VERIO entered into a contractual relationship, on or about the middle of May, 2012 whereby VERIO contracted to supply web site hosting and e-mail hosting for DNL.

27.     VERIO  breached the contract with DNL by failing, on or about August 15, 2016, to provide e-mails services and by deleting all of DNL's e-mail records, on or about August 18, 2016.

28.     Plaintiff's has suffered monetary and irreparable harm as a result of the lack of e-mail from August 15, 2016 through August 18, 2016 and as a result of the deletion of e-mail prior to August 15, 2016.


PRAYER FOR SPECIFIC AND MONETARY RELIEF

WHEREFORE, DNL prays that this Court enter judgment that:

A.     Defendant, be compelled to restore all deleted e-mails of Plaintiff.

B.     Defendant, be compelled to provide to DNL, all e-mails addressed to DNL from any and all senders during the period of August 15 through August 18, 2016.

C.     Defendant has tortiously interfered with business of Plaintiff and has caused damage to Plaintiff.

D.     Defendant has breached its contract with Plaintiff and has caused damage to

Plaintiff.

E.      Defendant be compelled to compensate Plaintiff for lost productivity, direct expenses associated with attempted recovery of information, time, expenses and resources associated with attempting to rebuild lost information.

F.      Defendant be compelled to compensate Plaintiff for lost business and for damage to Plaintiff's business reputation.

G.      Defendant be ordered to pay to Plaintiff punitive damages for its knowing and/or willful actions;

H.      Defendant be ordered to pay Plaintiff 's costs and attorneys' fees.

I.      Plaintiff be awarded such further relief as this Court deems necessary, just and/or proper.

J.      That pre-judgment and post-judgment interest on damages be awarded.


### DEMAND FOR JURY TRIAL

Plaintiff DNL demands a trial by jury on all issues so triable.


Dated: August 26, 2016                        Respectfully submitted,

                                               /s/ Joseph J. Zito
                                              Joseph J. Zito
                                              DNL Zito
                                              1250 Conn. Ave., NW, Suite 200
                                              Washington, DC 20036
                                              loliveira@dnlzito.com
                                              jzito@zitotlp.com
                                              (202) 466-3500